# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **BAPTIST HEALTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HEALTH VALUE MANAGEMENT, INC.,** | ) | **Case No. 2:24-cv-00077-SMD** |
| **HUMANA INSURANCE COMPANY,** | ) | |
| **HUMANA HEALTH PLAN, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Health Value Management, Inc. ("ChoiceCare"), Humana Insurance Company, and Humana Health Plan, Inc. (together, "Humana," and with ChoiceCare, "Defendants") hereby move to dismiss (1) Counts II and III of Plaintiff Baptist Health's ("Plaintiff's" or "Baptist Health's") Complaint as to the Defendants; (2) the punitive damages claims in Counts I – III of Plaintiff's Complaint; and (3) Counts I – III of the Complaint as to all fictitious defendants, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## I.    INTRODUCTION

Plaintiff, a hospital system in Alabama, is seeking reimbursement pursuant "to a Medicare Advantage PPO Agreement to Participate, as extended by a Letter of Intent for Covered Services Provided to Humana Medicare Advantage and Group Retiree Members (together, the "Agreement")," which is attached as Exhibits 1 and 2 to the Complaint. Doc. 1-1, ¶¶ 2, 3. Plaintiff alleges three Counts in the Complaint: Count I: Breach of Contract, Count II: Unjust Enrichment, and Count III: Quantum Meruit. Doc. 1-1, ¶¶ 35-40, 41-45, 46-51. Plaintiff conceded that "[t]he Agreement is a valid and enforceable contract to which Humana agreed to be bound," and that "Baptist Health performed its duties and obligations as required under the Agreement." Doc. 1-1, ¶¶ 36-37. Despite incorporating paragraphs 1-40 into Counts II and III and alleging in these Counts that "Humana has retained those payments without reimbursing Baptist Health under the terms of the Agreement," Doc. 1-1, ¶¶ 43, 48, Baptist Health seeks damages pursuant to unjust enrichment and quantum meruit theories, in addition to breach of contract. However, when there is an express contract governing the dispute, as there is here, Plaintiff is not entitled to recover pursuant to an unjust enrichment claim because it is an equitable remedy available only when there is no adequate remedy at law. *See McCaughey v. Bank of America, N.A.,* 279 Fed. Appx. 794, 797 (11th Cir. 2008). Similarly, Plaintiff's claim for quantum meruit (an implied contract theory) is only

permitted where there is no express contract. *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006). As such, Counts II and III of the Complaint must be dismissed as a matter of law.

In addition, Defendants move to dismiss Plaintiff's punitive damages claims in Counts I – III of the Complaint because punitive damages are not cognizable in actions sounding in breach of contract. Dismissal of Counts I – III of the Complaint against fictitious defendants is also warranted because fictitious party pleading is not permitted in federal court, *see Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), and thus, Plaintiff fails to state a claim upon which relief can be granted.

For these and all other reasons outlined below, Defendants respectfully request that the Court grant their motion and dismiss Counts II and III of Plaintiff's Complaint, Plaintiff's punitive damages claims in Counts I – III, and Counts I – III as to fictitious defendants.

## II.    LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the court construes the complaint in the light most favorable to the plaintiffs and accepts all well-pled facts alleged [] in the complaint as true." *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1260 (11th Cir. 2009).[1] However, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently:

> [A] court [or Arbitrator] considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[1] Accordingly, for purposes of Defendants' motion, Defendants assume that Plaintiff's factual allegations are true, although the Defendants do not admit the truth of these facts.

*Id.* at 679.

"'[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.'…. 'The claim may be adequately stated ... but in addition to the claim the complaint may include matters of avoidance that preclude the pleader's ability to recover. When this occurs, the complaint has a built-in defense and is essentially self-defeating.'" *Davidson v. Maraj*, 609 F. App'x 994, 997 (11th Cir. 2015) (citations omitted).

Although many courts address punitive damages in the context of a motion to strike, in *Young v. City of Mobile*, CIV.A. 13-0586-KD-B, 2014 WL 2739422 (S.D. Ala. June 17, 2014), the Court explained that a "claim for punitive damages is not 'an insufficient defense' nor is it 'redundant, immaterial, impertinent or scandalous.'" *Id.* at *1. Thus, rather than being brought via an FRCP 12(f) motion to strike, "the Court could construe the motion as one pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Id. Accord Lyman v. Bishop State Cmty. Coll.*, CV 15-0378-CG-C, 2015 WL 7753552, at *5 (S.D. Ala. Nov. 10, 2015), *report and recommendation adopted*, 15-0378-CG-C, 2015 WL 7738065 (S.D. Ala. Dec. 1, 2015) (dismissing punitive damages demand pursuant to FRCP 12(b)(6)); *N. Alabama Elec. Coop. v. Tennessee Valley Auth.*, CV 10-S-3252-NE, 2011 WL 13233771, at *3 (N.D. Ala. Sept. 28, 2011) ("pursuant to Rule 12(b)(6), TVA's motion to dismiss plaintiff's claim for punitive damages is due to be granted.").

## III.    ARGUMENT

### A.    Counts II and III Must Fail As a Matter of Law Because An Express Contract Exists Between the Parties

Plaintiff cannot assert a claim for unjust enrichment or quantum meruit under Alabama law because there is an express written contract between the parties, precluding this type of relief.

In Alabama, "[t]he existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law. *Univalor Tr., SA v. Columbia Petroleum*, *LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) (citations omitted). This Court, as well as the 11th Circuit, have summarily dismissed unjust enrichment claims where an express contract governs the dispute at issue. *See, e.g., McCaughey v. Bank of America, N.A.,* 279 Fed. Appx. 794, 797 (11th Cir. 2008) ("[b]ecause an express contract was present, [plaintiff] could not pursue equitable remedies" (discussing unjust enrichment in this context)); *Pearson's Pharmacy, Inc. v. Express Scripts, Inc.,* 505 F.Supp.2d 1272, 1278 (M.D. Ala. 2007) (dismissing an unjust enrichment claim with prejudice because a party had an adequate remedy at law for damages under a theory of breach of contract); *1021018 Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635, *6 (M.D. Ala. Mar. 24, 2011) ("proof of an express contract between the parties to a contract defeats a claim for unjust enrichment[ ]").

Similarly, "[r]ecovery on a theory of quantum meruit arises when a contract is *implied*." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (emphasis added). "However, '[w]hen an express contract exists, an argument based on a quantum meruit recovery in regard to an implied contract fails.' … The existence of an express contract on a given subject generally excludes an implied agreement on the same subject." *Id.* (citations omitted); *Harden v. TRW, Inc.*, 959 F. 2d 201, 204 (11th Cir. 1992) (noting that an express contract precludes recovery on a quantum meruit theory).

Here, Plaintiff's claims for unjust enrichment and quantum meruit are predicated entirely upon an express contract between the parties. In the Complaint, Plaintiff alleges the existence of the Agreement, Doc. 1-1, ¶¶ 1, 27, and sets forth the specific reimbursement terms from the Agreement that form the basis of its dispute. Doc. 1-1, ¶¶ 3, 28, 29. The Agreement provides

Plaintiff with an adequate remedy under the law and its terms govern. Accordingly, Plaintiff is not entitled to recover under an unjust enrichment or quantum meruit theory of relief. Counts II and III should be dismissed.

###   B.   Punitive Damages Are Not Available

Defendants move to dismiss Plaintiff's punitive damages demand because punitive damages are not available in actions sounding in breach of contract. Each Count of the Complaint contains a demand for punitive damages. *See* Doc. 1-1 (WHEREFORE clauses after ¶¶ 40, 45, 51). Further, the Complaint's Prayer for Relief section demands "punitive damages in an amount to be determined by the trier of fact[.]" Doc. 1-1 at 13.  Ala. Code § 6-11-20(a) provides:

> Punitive damages ***may not be awarded in any civil action***, except civil actions for ***wrongful death*** […] other than ***in a tort action*** where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.

*Id.* (emphasis added). This is neither a wrongful death action nor a tort action. Rather, it is a civil action premised on the alleged breach of the Agreement. *See* Doc. 1-1, ¶¶ 2, 28-43, 44, 49. That being the case, Plaintiff's punitive damages demand is foreclosed by well-settled Alabama law, because "[p]unitive damages are generally not allowed in actions for breach of contract." *John Deere Indus. Equip. Co. v. Keller*, 431 So. 2d 1155, 1157 (Ala. 1983); *see also Affiliated FM Ins. Co. v. Stephens Enterprises*, 641 So. 2d 780, 784 (Ala. 1994) ("The recognition of the tort of bad faith does not, as Affiliated asserts, give a unilateral right to plaintiffs to pursue a claim for punitive damages against an insurer for an alleged breach of contract."); *Cash v. State Farm Fire & Cas. Co.*, 125 F. Supp. 2d 474, 478 n.4 (M.D. Ala. 2000) ("Plaintiffs cannot obtain punitive damages for breach of contract."); *Evans v. City of Talladega*, 1:13-CV-00705-MHH, 2014 WL 12651067, at *4 (N.D. Ala. Sept. 4, 2014) (striking, *inter alia*, request for punitive damages under a breach

of contract claim). Plaintiff's punitive damages demand in Counts I – III should be dismissed accordingly.

### C.     Fictitious Party Pleading Is Not Permitted

Plaintiff alleges all three Counts in the Complaint against "fictitious defendants 1 - 4". Doc. 1-1, para. 1. Plaintiff describes fictitious defendants 1-4, "whether singular or plural, [as] those affiliates of Defendants Health Value Management, Inc.; Humana Insurance Company; and Humana Health Plan, Inc. who underwrite or administer health plans." Doc. 1-1, ¶ 9. However, it is well settled that fictitious party pleading is not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") The Eleventh Circuit recognizes a limited exception to this prohibition where "plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* That exception is not applicable here. Plaintiff's description of fictitious defendants 1 through 4 is insufficient to specifically identify these 4 defendants amongst all of the entities that have been affiliates of Health Value Management, Inc.; Humana Insurance Company; and Humana Health Plan, Inc. who underwrote or administered health plans since January 1, 2018. Plaintiff has failed to specify fictitious defendants 1-4 in a "sufficiently clear" manner that would "allow service of process" on the fictitious party. *See Dean v. Barber*, 951 F. 2d 1210, 1216 (11th Cir. 1992) (citing *Keno v. Doe*, 74 F.R.D. 587, 588 n. 2 (D.N.J. 1977)("[C]omplaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served."), *aff'd without opinion*, 578 F.2d 1374 (3rd Cir.1978)).

Accordingly, because fictitious party pleading is prohibited, Plaintiff fails to state a claim upon which relief can be granted as to fictitious defendants 1 through 4. Counts I – III against all fictitious defendants should be dismissed.

**IV.      CONCLUSION**

For all the foregoing reasons, the Court should dismiss with prejudice (1) Counts II and III

of Plaintiff's Complaint ; (2) the punitive damages claim in Counts I – III of Plaintiff's Complaint;

and (3) Counts I – III of the Complaint as to all fictitious defendants.

Respectfully submitted by,

_/s/ David W. Long-Daniels_
David W. Long-Daniels
Attorneys for Defendants Health Value
Management, Inc., Humana Insurance
Company, Humana Health Plan, Inc.

OF COUNSEL:

David W. Long-Daniels
Alabama Bar No. ASB-4593-060D
Squire Patton Boggs (US) LLP
One Atlantic Center
1201 W. Peachtree St. NW
Suite 3150
Atlanta, GA 30309
Tel. (678) 272-3200
Fax. (678) 272-3211
david.long-daniels@squirepb.com

Kimberly J. Donovan
(Admitted _pro hac vice_)
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131
Tel.: (305) 577-7032
Fax.: (305) 577-7001
kimberly.donovan@squirepb.com

Ima E. Nsien
(Admitted _pro hac vice_)
Squire Patton Boggs (US) LLP
555 S. Flower Street
Suite 3100
Los Angeles, CA 90071
Tel.: (213) 689-5138
Fax.: (213) 623-4581
ima.nsien@squirepb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notification of such filing to all counsel of record, including Ty Dedmon (tdedmon@bradley.com), Hillary Campbell (hcampbell@bradley.com), and Anne Miles Golson (agolson@bradley.com), BRADLY ARANT BOULT CUMMINGS LLP, One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203.

/s/ *David W. Long-Daniels*
**David W. Long-Daniels**
Alabama Bar No. ASB-4593-060D
Squire Patton Boggs (US) LLP
One Atlantic Center
1201 W. Peachtree St. NW
Suite 3150
Atlanta, GA 30309
Tel. (678) 272-3200
Fax. (678) 272-3211
david.long-daniels@squirepb.com

Kimberly J. Donovan
(Admitted *pro hac vice*)
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131
Tel.: (305) 577-7032
Fax.: (305) 577-7001
kimberly.donovan@squirepb.com

Ima E. Nsien
(Admitted *pro hac vice*)
Squire Patton Boggs (US) LLP
555 S. Flower Street
Suite 3100
Los Angeles, CA 90071
Tel.: (213) 689-5138
Fax.: (213) 623-4581
ima.nsien@squirepb.com