IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BAPTIST HEALTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case 2:24-cv-77-ECM-SMD |
| ) | |
| HEALTH VALUE ) | |
| MANAGEMENT, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## BAPTIST HEALTH'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FEDERAL RULE OF CIVIL PROCEDURE 26 REQUIREMENTS

The Health Care Authority for Baptist Health, An Affiliate of UAB Health System ("Baptist Health") opposes Defendants Health Value Management, Inc., Humana Insurance Company, and Humana Health Plan, Inc.'s (the "Humana Defendants" or "Humana") Motion to Stay Discovery and Federal Rule of Civil Procedure 26 Requirements ("Motion to Stay Discovery") (Doc. 24).

### INTRODUCTION

Humana seeks to delay this case based on a motion to dismiss that would not dispose of all Baptist Health's claims against it or even narrow the scope of

1

discovery in any meaningful way and based on arguments that binding precedent already rejects.

This case involves Baptist Health's efforts to recover millions of dollars in underpayments from Humana. For years, Humana reimbursed Baptist Health at a lower—and illegal—rate for the healthcare services that Baptist Health provided to Humana's Medicare Advantage members. Although Baptist Health alerted Humana to these underpayments, Humana refused to reimburse Baptist Health. Its refusal to do so prompted this lawsuit. Humana has moved to dismiss Baptist Health's equitable claims for relief. And it now seeks to delay this case, asking this Court to stay discovery while that motion is pending.

But a stay of discovery is warranted only when a "preliminary review" of the pending motion shows that it is "so clearly meritorious that it will obviate the need for all discovery." *See Hand v. Univ. of Ala. Bd. of Trs.*, 2017 WL 11722588, at *2 (N.D. Ala. Aug. 21, 2017). In other words, the movant must show that the underlying motion is likely to succeed. That is far from the case here—indeed, Humana has not even tried to make that "extraordinarily stringent" showing. Nor can it. As Baptist Health has explained, Humana's partial motion to dismiss is groundless. (*See* Doc. 25). It seeks to dismiss Baptist Health's two equitable claims because Baptist Health has also alleged breach of an express contract. But the

Eleventh Circuit and this Court have repeatedly held that a plaintiff is free to plead inconsistent claims; doing so is no basis for dismissal.

But even if Humana had shown a likelihood of success, it still has not shown a specific and particular need for a stay of discovery. It has identified no burdensome discovery that it must respond to. It has not shown that the scope of discovery will be different if its motion is granted. And it has not shown any prejudice from proceeding with discovery as the Federal Rules of Civil Procedure contemplate. Instead, it has offered only conclusory assertions and generalizations—but "discovery stay motions are generally denied except where a *specific showing* of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (emphasis added).

Humana has fallen far short of meeting its burden to show that the "disfavored" remedy of a stay of discovery is warranted. The Court should deny the motion.

## BACKGROUND

I. **Statement of Facts**

   A. **CMS unlawfully lowers reimbursement rates for participants in the 340B Drug Pricing Program.**

Baptist Health participates in the 340B Drug Pricing Program, which requires drug manufacturers to provide prescription drugs at a reduced price to hospitals, like

3

Baptist Health, that provide necessary health care services to historically underserved patient populations. (Doc. 1-1, ¶¶ 14–15). In 2018, the Center for Medicare and Medicaid Services ("CMS") substantially reduced the reimbursement rate for 340B drugs provided to Medicare patients (the "Medicare Allowable Rate") from 106% of the drug's average sales price to 77.5% of the drug's average sales price—a rate it continued to apply until 2022. (Doc. 1-1, ¶¶ 18–19). In 2022, the United States Supreme Court held that CMS's reduction of that reimbursement rate was unlawful. *Am. Hosp. Ass'n v. Becerra*, 596 U.S. 724, 739 (2022); (Doc. 1-1, ¶ 20). In response, CMS (1) implemented the previous 106% reimbursement rate going forward effective September 27, 2022, and (2) retroactively adjusted its reimbursement rates for 2018 through 2022 to that same 106% rate. (Doc. 1-1, ¶¶ 21–22).

**B.     Humana reimburses Baptist Health at the lower, illegal rate.**

Baptist Health and Humana entered into a Medicare Advantage PPO Agreement to Participate on May 1, 2005 (the "Agreement"), which was subsequently extended by a Letter of Intent on January 1, 2020. (Doc. 1-1, ¶ 27). Pursuant to the Agreement, Humana agreed to pay Baptist Health reimbursement amounts calculated using the lawful Medicare Allowable Rate. (Doc. 1-1, ¶ 28). From January 1, 2018, through September 28, 2022, Humana however actually reimbursed Baptist Health based on the unlawful CMS rate for 340B hospitals.

4

After the Supreme Court decided *Becerra*, Baptist Health repeatedly alerted Humana that Humana had used the unlawful CMS reimbursement rate and requested that Humana reimburse the difference between what Humana actually paid Baptist Health from 2018 through 2022 and what it should have paid. (Doc. 1-1, ¶ 32).

Humana refused.

## II.   Procedural History

After Humana refused to reimburse Baptist Health for its underpayments, Baptist Health sued, asserting state-law claims for breach of contract, unjust enrichment, and quantum meruit. (Doc. 1-1). Humana filed a partial motion to dismiss, seeking to dismiss only Baptist Health's unjust enrichment and quantum meruit counts as barred by the existence of an express contract. (Doc. 18). Humana did not move to dismiss Baptist Health's breach of contract claim. Baptist Health opposed Humana's motion. (*See* Doc. 25). On the same day, Humana moved to stay discovery. (*See* Doc. 24).[1]

## LEGAL STANDARD

"Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the

---

[1] Humana represents to the Court that "Plaintiff's counsel did not respond to Defendants' counsel's requests to meet and confer," (Doc. 24, p. 2) but that is not true. As requested by Humana's counsel, Plaintiff's counsel confirmed on the morning of March 25 (nearly two hours before Humana filed its motion), that Baptist Health "would oppose any request to stay discovery." *See* Mar. 25, 2024 Email from T.Dedmon to I.Nsien, attached hereto as Exhibit 1.

[c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses.'" *Tompkins v. Cuts by US, Inc.*, 2018 WL 11512217, at *1 (N.D. Ala. July 23, 2018) (citation omitted); *accord Argonaut Ins. Co. v. Summit Concrete, Inc.*, 2022 WL 17825858, at *2 (N.D. Ala. Dec. 19, 2022) ("Courts generally disfavor staying a case because the practice often creates case-management problems and leads to unnecessary litigation expenses"); *Nelson v. Nationstar Mortg. LLC*, 2020 WL 5440363, at *1 (S.D. Ala. July 31, 2020). Thus, "the party moving for a stay bears the burden to show a particular and specific need for [it]." *Argonaut Ins. Co.*, 2022 WL 17825858, at *2 (quoting *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1–2 (S.D. Fla. Nov. 9, 2012)). "To resolve a motion to stay discovery, the Court may take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that it will be granted.'" *Nelson*, 2020 WL 5440363, at *2. A motion to stay discovery should not be granted unless "a preliminary review of the case" shows that the underlying motion is "so clearly meritorious that it will obviate the need for all discovery." *Hand*, 2017 WL 11722588, at *2. The "'clearly meritorious' standard" is "extraordinarily stringent." *Buechler v. Rumble Inc.*, 2022 WL 17582552, at *1 (M.D. Fla. Dec. 12, 2022).

## ARGUMENT

**I.    Humana is highly unlikely to succeed on its pending partial motion to dismiss.**

The Court should deny the Motion to Stay Discovery because Humana's partial motion to dismiss is unlikely to succeed.

To start, Humana relies on a so-called "general rule" that does not exist. Citing *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 (N.D. Ala. 2010), Humana claims that "the general rule in [the Eleventh] Circuit" "is to grant a stay of discovery pending a motion to dismiss." (Doc. 23, p. 7). But the *Hall* court apparently believed that *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353 (11th Cir. 1997)), required that result. *See Hall*, 753 F. Supp. 2d at 1113 n.20 (citing *Chudasama* for the proposition that "the *only* proper course, when presented with a request to stay discovery pending resolution of a motion to dismiss, is to grant the stay"). But "[d]istrict courts throughout the Eleventh Circuit have recognized that *Chudasama* did not establish a *per se* rule mandating a stay once a party files a motion to dismiss." *Hand*, 2017 WL 11722588 at *1. The case instead "stands for the narrower proposition that courts should not delay ruling on a *likely meritorious* motion to dismiss while undue discovery costs mount." *Id.* (emphasis in original; internal quotation marks omitted).

This case does not involve that situation. Indeed, Humana does not argue that its motion to dismiss is "clearly meritorious." That is for good reason. Humana's motion contends that Baptist Health's unjust enrichment and quantum meruit claims should be dismissed because Baptist Health also has alleged breach of an express

7

contract. But Eleventh Circuit precedent is directly contrary to that assertion—it recognizes that "Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). Applying that "well-settled rule of federal procedure," this Court and other "federal district courts in Alabama have declined to dismiss unjust enrichment claims where the plaintiff had also pleaded a breach of contract claim or alleged the existence of an express contract." *Hurry v. Gen. Motors LLC*, 622 F. Supp. 3d 1132, 1158–59 (M.D. Ala. 2022) (Marks, J.) (collecting cases). Because Humana's motion to dismiss is not likely meritorious, its Motion to Stay Discovery should be denied.

But even if Humana's motion to dismiss was likely to be granted, a stay of discovery would still be unwarranted because the motion is not case-dispositive.[2] When a motion "would not dispose of the entire case," a stay of discovery pending resolution of that motion should not be granted. *See Envision Ins. Co. v.*

---

[2] This stands in sharp contrast to Humana's cited cases, which largely involve motions to dispose of the entirety of a plaintiff's case. *Alfa Corp. v. Alpha Warranty Servs., Inc.*, 2021 WL 1083440, at *1 (M.D. Ala. Mar. 19, 2021) ("[Defendant] challenges [Plaintiff's] entire complaint"); *Cook v. Taylor,* 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019) ("Defendant has raised four grounds for dismissal that are potentially dispositive of the entire case"); *Patton v. Tuskegee Fed. Credit Union*, 2018 WL 4677838, at *1 (M.D. Ala. Mar. 16, 2018) (Defendant moves to dismiss entirety of complaint). *Moncrief v. City of Montgomery*, 2023 WL 5444654 (M.D. Ala. Aug. 23, 2023), did not involve a dispositive motion at all. In that case, the Plaintiff moved to file a third-party subpoena prior to a Rule 26(f) conference in order to learn the names to two fictitious defendants. *Id.* at *1. The court granted the motion over defendants' objections. *Id.* at *3.

8

*GrayRobinson, P.A.*, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013). Although Humana says a stay is warranted if a motion would dispose of counts that would "unduly enlarge the scope of discovery," it fails to show how dismissal of Baptist Health's equitable claims would significantly narrow discovery here. Nor can it without contradicting its previous arguments—Humana has insisted that Baptist Health's equitable claims are "predicated entirely" on the same facts as its breach of contract claim. (*See* Doc. 18, p. 5). Because the motion to dismiss would neither dispose of the entire case nor significantly narrow discovery, Humana has not met its burden to show that a stay is warranted.

**II.   Humana has not shown a "particular and specific need" for a stay of discovery.**

The Court should also deny the Motion to Stay Discovery for the separate and independent reason that Humana has not shown a "particular and specific need" for it.

"[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Cuhaci*, 540 F. Supp. 3d at 1187 (quoting *Montoya*, 2014 WL 2807617, at *2). Humana "has not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay." *Ray*, 2012 WL 5471793, at *3. "[B]land generalizations . . . won't do." *Id.* That is what Humana offers—it says that a stay of discovery "would avoid unnecessary

9

expenditures of time, money and other resources." (Doc. 24, pp. 6-7). But that assertion is "premature and speculative: 'extensive, expensive discovery has not yet proceeded and likely will not have proceeded very far by the time the Court issues a ruling.'" *Ray*, 2012 WL 5471793, at *3. Because Humana has made no specific showing that proceeding to discovery would unduly burden it, it cannot obtain a stay. *See Argonaut Ins. Co.*, 2022 WL 17825858, at *2 (denying motion to stay where the defendant "fail[ed] to show a particular and specific need for a stay of th[e] case").

Indeed, a stay of discovery would *create* prejudice—not relieve it. Stays of discovery often cause "unnecessary litigation expenses" for both the litigants and the Court. *See, e.g., Argonaut Ins. Co.*, 2022 WL 17825858, at *2 (explaining that "[c]ourts generally disfavor staying a case because the practice often creates case-management problems and leads to unnecessary litigation expenses" (citation and internal quotation marks omitted)); *Tompkins*, 2018 WL 11512217, at *1 (similar). Humana's Motion to Stay Discovery would only work to prejudice Baptist Health by further delaying its efforts to recover underpayments from Humana. Granting Humana's motion would be out of step with Eleventh Circuit precedent and would only further burden the Court and Baptist Health once Humana's partial motion to dismiss is denied.

## CONCLUSION

For these reasons, the Court should deny the Motion to Stay Discovery and Federal Rule of Civil Procedure 26 Requirements.

Dated: April 1, 2024.                              Respectfully Submitted,

*/s/ Ty Dedmon*
Ty Dedmon (DED001)
tdedmon@bradley.com

*Attorney for Plaintiff*

<u>OF COUNSEL</u>
Hillary Campbell (CHI032)
Anne Miles Golson (GOL055)
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
hcampbell@bradley.com
agolson@bradley.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David W. Long-Daniels
Squire Patton Boggs (US) LLP
One Atlantic Center
1201 W. Peachtree St. NW, Suite 3150
Atlanta, GA 30309
david.long-daniels@squirepb.com

Ima E. Nsien
Squire Patton Boggs (US) LLP
555 S. Flower Street, Suite 3100
Los Angeles, CA 90071
ima.nsien@squirepb.com

Kimberly J. Donovan
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
kimberly.donovan@squirepb.com

 

*/s/ Anne Miles Golson*
Ty Dedmon (DED001)
Hillary Campbell (CHI032)
Anne Miles Golson (GOL055)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdedmon@bradley.com
hcampbell@bradley.com
agolson@bradley.com