IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE HEALTHCARE AUTHORITY FOR BAPTIST HEALTH, AN AFFILIATE OF UAB HEALTH, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH VALUE MANAGEMENT, INC., HUMANA INSURANCE CO., HUMANA HEALTH PLAN, INC., ARCADIAN HEALTH PLAN, INC., HUMANA BENEFIT PLAN OF ILLINOIS, INC., HUMANA INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CASE NO: 2:24-cv-77-ECM-SMD ) ) ) ) ) ) ) ) ) |

## **ORDER**

Plaintiff, The Health Care Authority for Baptist Health, An Affiliate of UAB Health System ("Baptist Health"), filed a breach of contract claim against Defendants Humana Insurance Company, Humana Health Plan, Inc., Arcadian Health Plan, Inc., Humana Benefit Plan of Illinois, Inc., and Humana Inc. (collectively, "Humana Defendants" and with Defendant ChoiceCare, "Defendants"), alleging that they are legally obligated to reimburse Baptist Health for certain 340B prescription drugs based on a retroactively adjusted Medicare rate. 2d Am. Compl. (Doc. 68). Baptist Health also brings equitable claims of quantum meruit and unjust enrichment. *Id*.

Pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rule 37.1, Defendants ask the Court to order Baptist Health to provide certain information requested

in Defendants' First Interrogatories and Second Requests for Production ("RFP"). Mot. (Doc. 89). For the following reasons, Defendants' motion is denied in full.

I.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure permit parties to obtain discovery, including documents and electronically stored information, "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1); 34. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequences in determining the action." FED. R. EVID. 401. Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). A party seeking to compel discovery bears the initial burden of proving that the information sought is relevant. *Clark v. Hercules, Inc.*, 2017 WL 3316311, at *1 (M.D. Fla. Aug. 3, 2017).

In addition to relevancy, a court must also assess whether discovery is proportional to the needs of a case. FED. R. CIV. P. 26(b)(1). In assessing proportionality, courts consider "the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). A court may limit the frequency or extent of the discovery when, *inter alia*, the discovery is cumulative, duplicative, or can be obtained from another more convenient or less burdensome source. FED. R. CIV. P.

26(b)(2)(C)(i). A party resisting production on this basis bears the responsibility of establishing that producing the discovery would be an undue burden. *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). To meet this burden, the resisting party must "make a particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request." *Id.*

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure[.]" FED. R. CIV. P. 37(a)(3)(A). Further, "[a] party seeking discovery may move for an order compelling . . . production if . . . a party fails to produce documents . . . requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv).

## II. ANALYSIS

### A. Interrogatory No. 1 and RFPs 1-4, 7

Interrogatory No. 1 and RFPs 1-4 and 7 seek information and documents regarding the amount of funds Baptist Health received and/or paid for 340B drugs. Mot. (Doc. 97) p. 4. Baptist Health argues that this discovery is irrelevant, Reply (Doc. 109) pp. 3-4, while Defendants contend that the discovery relates to Baptist Health's unjust enrichment and quantum meruit claims, Mot. (Doc. 97) p. 4.

"The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." *Battles v. Atchison*, 545 So. 2d 814, 815 (Ala. Civ. App. 1989). Under Alabama law, to prevail on a claim of unjust enrichment, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud. *Dickinson v. Cosmos*

3

*Broad. Co.*, 782 So. 2d 260, 266 (Ala. 2000). "The amount of the recovery [on a claim of unjust enrichment] is limited to the value of the benefit gained by the defendant, regardless of the extent of the detriment to the plaintiff." *Am. Fam. Care, Inc. v. Fox*, 642 So. 2d 486, 488 (Ala. Civ. App. 1994). This is true regardless of whether the defendant's liability is equal to, less than, or greater than the plaintiff's loss. *Brenda Darlene, Inc. v. Bon Secour Fisheries, Inc.*, 101 So. 3d 1242, 1254 (Ala. Civ. App. 2012).

A claim of quantum meruit is a request for equitable relief based on the principle "'that if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered.'" *Frank Crain Auctioneers, Inc. v. Delchamps*, 797 So. 2d 470, 474 (Ala. Civ. App. 2000) (quoting *Richards v. Williams,* 231 Ala. 450, 453 (1936)). "Quantum meruit damages are defined as the amount for which services could have been purchased from one in the party's position at the time and place the services were rendered." *Carrie Contractors, Inc. v. Blount Constr. Grp. of Blount, Inc.*, 968 F. Supp. 662, 665 (M.D. Ala. 1997) (internal quotations omitted).

The discovery requested in Interrogatory No. 1 and RFPs 1-4 and 7 is irrelevant to calculating the benefit (if any) Defendants received by allegedly underpaying Baptist Health for certain drugs and services and instead pertains to whether Baptist Health obtained a benefit under the agreement between the parties. Under Alabama law, whether Baptist Health received a benefit does not weigh into the calculation for unjust enrichment or quantum meruit. *See Autrey v. Pope*, 260 So. 3d 846, 851 (Ala. Civ. App. 2018) ("The amount of the recovery [on a claim of unjust enrichment] is limited to the value of the

benefit gained by the defendant, regardless of the extent of the detriment to the plaintiff."). Therefore, even if Defendants could show that Baptist Health retained any revenue that exceeded expenses after applying its 340B drug reimbursements, that proof would have no effect or relevance to the value of the benefit received and retained by Defendants. Therefore, it is ORDERED that Defendants' motion to compel Interrogatory No. 1 and RFPs 1-4 and 7 is DENIED.

### B. Interrogatory No. 2 and RFP 6

Interrogatory No. 2 and RFP 6 seek information and documents pertaining to Baptist Health's use of funds received and/or paid for 340B drugs. Mot. (Doc. 97) p. 9. Baptist Health opposes production, arguing that the discovery is irrelevant. Resp. (Doc. 102) pp. 11-13.

The way(s) in which Baptist Health used any funds or savings it received for the 340B drugs is not relevant to the weighing of the equities for its claims of unjust enrichment and quantum meruit, nor is it relevant to Baptist Health's breach of contract claim. Therefore, it is ORDERED that Defendants' motion to compel Interrogatory No. 2 and RFP 6 is DENIED.

### C. RFPs 8, 10, and 11

RFPs 8, 10, and 11 seek documents reflecting contracts between third-party pharmacies and audits pertaining to the 340B drugs at issue. Mot. (Doc. 97) pp. 10-11. Baptist Health argues that this discovery is irrelevant, unreasonable, and harassing. Resp. (Doc. 102) pp. 13-15. Defendants contend that they are entitled to this information because if the contract pharmacy "improperly dispensed or billed the 340B drugs at issue, it likely

5

impacts Defendants' payment obligations with respect to those 340B drugs." Mot. (Doc. 97) p. 11.

Defendants' request for information pertaining to third-party contracts and audits is entirely speculative and has nothing to do with the claims or defenses of the parties. As such, it is ORDERED that Defendants' motion to compel RFPs 8, 10, and 11 is DENIED.

### III.  CONCLUSION

For these reasons, it is

ORDERED that Defendants' Motion to Compel (Doc. 97) is DENIED in its entirety.

DONE this 20th day of May, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE